IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

CARL CIMILUCA, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

RAGAN & RAGAN, PC and VELOCITY INVESTMENTS, LLC

                Defendant.

---

Civil Action No.:

**CLASS ACTION COMPLAINT**

Plaintiff, CARL CIMILUCA (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendants RAGAN & RAGAN, PC and VELOCITY INVESTMENTS, LLC (hereinafter, "Defendants") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant Ragan & Ragan, PC is a collection agency with its principal office located at 3100 Route 138 West, Brinley Plaza, Wall, New Jersey 07719.

9. Upon information and belief, Ragan & Ragan PC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of

debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant Ragan & Ragan, PC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant Velocity Investments LLC is a professional debt purchaser with its principal office located at 1800 NJ-34 #404a, Wall, New Jersey 07719.

12. Upon information and belief, Velocity Investments LLC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. Defendant Velocity Investments LLC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to September 16, 2019, an obligation was allegedly incurred to Lending Club Corporation.

16. The Lending Club Corporation obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Some time prior to September 16, 2019, the Lending Club Corporation debt was sold to or assigned to Velocity Investments LLC.

18. The alleged Lending Club Corporation obligation is a "debt" as defined by 15 U.S.C.§

1692a(5).

19. At some point, Velocity Investments LLC contracted with Ragan & Ragan, PC to collect the alleged debt.

20. In fact, Velocity Investments LLC typically hires Ragan & Ragan, PC to collect debts in New Jersey, as they share the same owners.

21. When creditors are unable to collect defaulted debts, they often sell them to debt buyers, like Velocity Investments, LLC, as part of a large portfolio. Fed. Trade Comm'n, ***Collecting Consumer Debts: The Challenges of Change*** (2009) ("FTC 2009 Report")[1]

22. Typically the portfolio is transferred as an electornic spreadsheet, which only rarely is accompanied with underlying account documents. **Id** at 22.

23. Over the past several years, this industry has grown immensely. This growth has also led to a significant increase in debt-collection lawsuits because debt buyers "often use collection law firms as their primary tool for recovery." Gov't Accountability Office, Credit Cards—Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology 41 (2009) ("GAO Report").[2]

24. This significant increase has caused debt collection law firms, such as Ragan & Ragan, PC, who employ very few attorneys while filing hundreds (or thousands) of lawsuits a year to do very little, if any, attorney review on files they work on.

25. To save time, Ragan & Ragan, PC utilizes form letters to send to consumers at different points of a lawsuit, whether such form are false or misleading or not. A review by an attorney would alleviate the firm from sending out false and misleading letters.

---

[1] Available at http://www.ftc.gov/sites/default/files/documents/reports/ collecting-consumer-debts-challenges-change-federal-trade-commissionworkshop-report/dcwr.pdf.
[2] Available at http://www.gao.gov/new.items/d09748.pdf.

26. However, as evidenced below, no such meaningful attorney involvement exists.

27. On or about June 12, 2019, Defendants filed a lawsuit in Somerset County Superior Court against Plaintiff in an attempt to collect the alleged debt.

28. The filing of the lawsuit represented to the Plaintiff, as it would any consumer, that an attorney is working vigorously on the creditor's behalf and is actively working on the file.

29. It is well established – in the 3rd Circuit as wells as other courts of appeals - that an attorney who lends his or her name to a debt-collection effort, must actually be meaningfully involved in the case to avoid misleading the consumer about his or her role.

30. Shortly thereafter, Somerset County Superior Court set a discovery end date of December 14, 2019.

31. On or about September 16, 2019, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding discovery in the pending legal action against Plaintiff. *See* **Exhibit A.**

32. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33. Plaintiff received the letter and read it.

34. The Letter stated in part:

    "I am writing to you regarding Plaintiff's Interrogatories, Requests for Admissions, and Notice to Produce sent to your attention on July 18, 2019.  We requested this discovery pursuant to Rules 4:10-2(c) and 4:18(1).  **Pursuant to the Rules, the time for discovery has run.**  Continued non-compliance will result in the filing of the appropriate motion in accordance with Rule 4:23-5(a)(3) and Rule 1:6-2(c)." (bolded emphasis added)

35. The Letter described above was signed by W. Peter Ragan, Jr., an attorney in Defendant's office.

36. Plaintiff, as would any least sophisticated consumer, read the above statements and believed that the attorney reviewed the file prior to sending the notice, and that the time to conduct discovery had ended.

37. However, had Mr. Ragan in fact reviewed the file, he would have immediately discovered that the discovery end date had not run.

38. Unfortunately, Mr. Ragan sends out form collection letters, such as the letter marked as Exhibit A, without doing meaningful attorney review on the file.

39. The Letter created the false and misleading impression that the discovery period had ended, when in fact it did not, and is therefore a material misrepresentation as to the rights of the consumer reading the Letter to propound their own discovery requests upon Defendants.

40. Due to Defendants' false misrepresentations, Plaintiff was forced to incur costs to hire counsel to defend him in that lawsuit.

41. The Letter further created the false and misleading impression that the communication was from an attorney when, in fact, it was not really "from" an attorney in any meaningful sense of the word.

42. Had an attorney been actively working on the file, they would have easily realized that the discovery period had not ended.

43. Upon information and belief, Exhibit A is a from letter that Ragan & Ragan, PC sends out on behalf of Velocity Investments when discovery is not responded to, regardless of whether the discovery period ended or not.

44. Upon information and belief, this form letter is commonly signed by Mr. Ragan, Esq., whether he reviews the file or not.

45. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.  Plaintiff

was harmed by being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make payment decisions that he may not have had he be given only truthful information.

46. Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

47. Plaintiff brings this claim on behalf of the following classes , pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

> CLASS A: The class consists of (a) all individuals with addresses in the State of New Jersey (b) to whom Ragan & Ragan, PC (c) sent a collection letter attempting to collect a consumer debt (d) allegedly owed to Velocity Investments, LLC, (e) which stated, "Pursuant to the Rules, the time for discovery has run" (f) when the discovery period had not ended (g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

> CLASS B: The class consists of (a) all individuals with addresses in the State of New Jersey (b) to whom Ragan & Ragan, PC (c) sent a collection letter attempting to collect a consumer debt (d) allegedly owed to Velocity Investments, LLC, (e) while litigation was pending (f) signed by an attorney, (g) without doing meaningful attorney review (h) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

48. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

49. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

50. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e.

51. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

52. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

53. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)  **Common Questions Predominate:** Common questions of law and fact exist as to

    all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

54. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

55. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.*** 

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

58. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. The Defendant violated said provision by:

   a. Falsely representing the legal status of the debt in violation of 15 U.S.C §1692e(2);

   b. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   c. Using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

60. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)  Awarding Plaintiff and the Class statutory damages;

(b)  Awarding Plaintiff and the Class actual damages;

(c)  Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

(d)  Awarding pre-judgment interest and post-judgment interest; and

(e)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 4, 2019

By: /s/ Ari Marcus
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Ari@marcuszelman.com
*Attorney for Plaintiff*


/s/ Daryl Kipnis
Daryl Kipnis, Esq.
KIPNIS LAW OFFICES
220 Davidson Avenue, 3rd Floor
Somerset, New Jersey 08873
Phone: 732-595-5298
Fax: 732-412-7925
Email: daryl@kipnislawoffices.com
*Attorney for Plaintiff*